UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
HONDA CANADA INC., a Canadian
corporation, and HONDA CANADA
FINANCE INC., a Canadian corporation,       CIVIL NO. 2:11-cv-04980-LDW-WD

                        Plaintiffs,       SECOND AMENDED
                                     COMPLAINT

   - against –

VIJAY GERA, an individual, ELENA
ROMM-TABAKOV, an individual, STEVE
TABAKOV, ARTEM GORSHKOV, an
individual, OLEKSIY GORSHKOV, an
individual, AMIR MIZRAHI, an
individual, WEBRELAY, an entity of
unknown origin, MIKE C. BELLAMY,
an individual, and RAINVILLE GRAPHIC
SOLUTIONS, INC., a Canadian corporation,

                        Defendants.
-----------------------------------------------------------X

      Plaintiffs Honda Canada Inc. ("Honda") and Honda Canada Finance Inc. (collectively "Honda") complain of defendants Vijay Gera, Elena Romm-Tabakov, Steve Tabakov, Artem Gorshkov, Oleksiy Gorshkov, Amir Mizrahi, WebRelay, Mike C. Bellamy, and Rainville Graphic Solutions Inc. (collectively "Defendants"), and allege as follows:

## SUBSTANCE OF THE ACTION

      1.     This matter involves computer and website hacking attacks by Defendants against various Honda websites, computer networks, computer servers, and computer systems. From about February 12, 2011 until at least February 23, 2011, Defendants, or their agents, through the use of interstate wires, and through computers and servers located in this Judicial District, hacked into and intruded upon various Honda websites, computer networks, computer servers, and computer systems, and misappropriated electronic communications and digital personal data

and information of Honda and Honda's customers. Among other things, Defendants, or their agents, through computers and servers located in this Judicial District, masqueraded as and impersonated legitimate Honda customers in order to steal the personal data, such as email addresses, of Honda customers. As a result of Defendants' unlawful conduct and intrusion, Honda is the subject of a class-action lawsuit in Ontario, Canada brought by Honda's customers relating to the misappropriation of the Honda customers' personal data and information. *Scholes v. Honda Canada, Inc.,* No. 73038/11, Ontario Superior Court of Justice. Honda has been, and continues to be, damaged and irreparably harmed by Defendants' unlawful conduct.

2. By this Complaint, Honda states claims, among others, for violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et seq.*, violations of the Electronic Communications Privacy Act, 18 U.S.C. § 2701 *et seq.*,[1] violations of Section 349 of New York General Business Law governing Deceptive Acts and Practices, trespass, conversion, negligence, and breach of contract.

## PARTIES AND JURISDICTION

3. Plaintiff Honda Canada Inc. is a corporation duly organized and existing under the laws of Canada, and has its principal place of business in Markham, Ontario.

4. Plaintiff Honda Canada Finance Inc. is a corporation duly organized and existing under the laws of Canada, and has its principal place of business in North York, Ontario.

5. Defendant Vijay Gera is an individual who resides at 1608 Prospect Ave., East Meadow, New York 11554.

---

[1] "The primary purpose of §§ 2701 et seq. is to prohibit illegal access to, disclosure and interception of, electronic information." *State Wide Photocopy, Corp. v. Tokai Financial Services, Inc.,* 909 F.Supp. 137, 144 (S.D.N.Y. 1995). "[T]he ECPA was primarily designed to provide a cause of action against hackers, (i.e., electronic trespassers*).*" *Id.* at 145.

6. Defendant Elena Romm-Tabakov is an individual who resides in Rivervale, New Jersey.

7. Defendant Steve Tabakov is an individual who resides in Rivervale, New Jersey.

8. Defendant Artem Gorshkov is an individual who resides at Suite 705, 3 Goldfinch Court, Toronto, Ontario, Canada, and was an employee of and web developer for defendant WebRelay.

9. Defendant Oleksiy Gorshkov is an individual who resides at Suite 705, 3 Goldfinch Court, Toronto, Ontario, Canada.

10. Defendant Amir Mizrahi is an individual who resides at 21 Donna Mae Cres., Thornhill, Ontario, Canada.

11. Defendant WebRelay is an entity of unknown origin doing business at Suite 312, 67 Mowat Ave., Toronto, Ontario, Canada. At its website www.webrelay.ca, WebRelay represents that it is an "internet and web applications development firm."

12. Defendant Mike C. Bellamy is an individual who resides in the Toronto, Ontario, Canada area, and is an owner and principal of defendant WebRelay.

13. Defendant Rainville Graphic Solutions Inc. ("Rainville Graphic Solutions") is a corporation duly organized and existing under the laws of Canada, and has its principal place of business in Toronto, Ontario

14. Honda is informed and believes, and on that basis alleges, that Defendants acted as the agents, employees, partners, and/or joint venturers for one another, and, in committing the acts alleged herein, were acting within the course and scope of that relationship and with the permission and consent of each Defendant.

15. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1367 in that all of Honda's claims either arise under federal law or are so related to claims arising under federal law that they form part of the same case or controversy under Article III of the United States Constitution.

16. Venue is proper in this Judicial District under 28 U.S.C. § 1391 in that a substantial part of the events giving rise to the claims occurred in this Judicial District and Defendants can be found and are doing business in this Judicial District. For example, Defendants used computers and servers located in this Judicial District to conduct the attacks on Honda's websites, computer networks, computer servers, and computer systems

## GENERAL ALLEGATIONS

17. On at least three occasions between February 12, 2011 and February 23, 2011, Defendants, or their agents, through the use of interstate wires, and through computers and servers located in this Judicial District, hacked into, and knowingly accessed without authorization, various Honda websites, computer networks, computer servers, and computer systems, and misappropriated electronic communications and digital personal data and information of Honda and Honda's customers.

18. Honda attempted to determine the identity of these Defendants through various Internet service providers whose systems were used to attack and hack into Honda's websites, computer networks, computer servers, and computer systems. These Internet service providers would not provide the identity of these Defendants without a valid subpoena and/or order issued by a Court of law. Accordingly, Honda filed a lawsuit in the United States District Court for the District of Utah captioned *Honda Canada, Inc. v. John Does*, Civil No. 2:11-cv-00677-CW, which court issued various subpoenas and a court order to Cablevision to produce the contact

information of the users of the Internet service providers that were used to attack and hack into Honda's websites, computer networks, computer servers, and computer systems. As a result of the information produced by Cablevision, Honda was able to determine the identity of defendant Gera as one of the hackers who accessed Honda's websites, computer networks, computer servers, and computer systems without authorization.

19. Honda recently conducted a deposition and examination of defendant Gera regarding the attacks on Honda's websites. During the course of his deposition, defendant Gera testified that he worked with defendants Elena Romm-Tabakov, Artem Gorshkov, Oleksiy Gorshkov, and Amir Mizrahi in conducting the attacks to obtain customer data and information for a potential business (now defunct) named Deal Monkey, a special deal website that provides deals similar to Groupon. Deal Monkey was to provide special deals for English speaking residents of Toronto, Ontario, Canada. Deal Monkey needed email addresses for English speaking residents located in the Greater Toronto Area. The principals of Deal Monkey included defendants Elena Romm-Tabakov, Artem Gorshkov, Oleksiy Gorshkov, and Amir Mizrahi. In addition, defendant Steve Tabakov and defendant Vijay Gera were also involved in the operation of Deal Monkey before Deal Monkey went out of business and became defunct.

20. Honda conducted additional investigation, and determined that defendant Artem Gorshkov was an employee of, and web developer for, defendant WebRelay. Defendant WebRelay was a subcontracting vendor to Honda through Defendant Rainville Graphic Solutions. Honda is informed and believes, and, on that basis alleges, that defendant Artem Gorshkov obtained confidential information of Honda from defendant WebRelay and/or defendant Rainville Graphic Solutions that allowed Defendants to conduct the attacks that are subject of this lawsuit.

21. Through subsequent discovery, Honda has obtained evidence that defendants Elena Romm Tabakov, Steve Tabakov, Artem Gorshkov, Oleksiy Gorshkov, and Amir Mizrahi, acting on behalf of Deal Monkey, conspired with and worked directly with defendant Vijay Gera to conduct the attacks on Honda's websites, computer networks, computer servers, and computer systems through various computer systems and servers located in this Judicial District, including but not limited to defendant Vijay Gera's personal computers as well as computers and computer systems of former defendant DealerTrack, Inc., which is also located in this Judicial District. For example, Honda has obtained email correspondence from both defendant Artem Gorshkov and from defendant Oleksiy ("Alex") Gorshkov sent to defendant Vijay Gera in this Judicial District evidencing defendant Artem Gorshkov's and Oleksiy Gorshkov's participation in the computer attacks on Honda Canada's websites from computer systems and servers located in this Judicial District. True and correct copies of such emails from defendant Artem Gorshkov and Oleksiy Gorshkov to defendant Vijay Gera, who resides in this Judicial District, are attached hereto as Exhibit A. Deposition discovery has uncovered that defendants Artem Gorshkov and Oleksiy Gorshkov were introduced to and put in contact with defendant Vijay Gera through defendant Elena Tabakov. Honda has further discovered through depositions and through the forensic examination of various computer systems used by Defendants during the attacks on Honda's websites that defendants Artem Gorshkov and Oleksiy Gorshkov sent and provided to defendant Vijay Gera, who resides in this Judicial District, various computer code, computer programs, and other computer tools to conduct the attacks on Honda's websites, computer networks, computer servers, and computer systems.

## COUNT I

(Computer Fraud and Abuse Act – 18 U.S.C. § 1030 *et seq.* – All Defendants)

22. Honda realleges and incorporates herein the allegations set forth above.

23. The Computer Fraud and Abuse Act, 18 U.S.C. § 1030, referred to as "CFAA," regulates fraud and related activity in connection with computers, and makes it unlawful for anyone to intentionally access a computer used for interstate commerce or communication, without authorization, or by exceeding authorized access to such a computer, thereby obtaining information from such a protected computer within the meaning of 18 U.S.C. § 1030(a)(2)(c).

24. Defendants, or their agents, violated 18 U.S.C. § 1030 by intentionally accessing Honda's websites, computer networks, computer servers, and computer systems, without authorization or by exceeding access, thereby obtaining information from such protected computers.

25. The CFAA, 18 U.S.C. § 1030(g), provides a civil cause of action to "any person who suffers damage or loss by reason of a violation" of the CFAA.

26. Honda's websites, computer networks, computer servers, and computer systems are a "protected computer . . . which is used in interstate commerce and/or communication" within the meaning of 18 U.S.C. § 1030(e)(2)(B).

27. Defendants violated 18 U.S.C. § 1030(a)(2)(C) by intentionally accessing Honda's websites, computer networks, computer servers, and computer systems, without authorization or by exceeding access, thereby obtaining information from such a protected computer.

28. As a result of Defendants' unlawful conduct, Honda has suffered damages well in excess of $5,000.

29. Defendants' unlawful access to Honda's websites, computer networks, computer servers, and computer systems has caused Honda irreparable injury. Unless restrained and enjoined, Defendants will continue to commit such acts. Honda's remedies at law are not adequate to compensate Honda for these inflicted and threatened injuries, entitling Honda to remedies including injunctive relief as provide by 18 U.S.C. § 1030(g).

## COUNT II

(Electronic Communications Privacy Act -- 18 U.S.C. § 2701 *et seq.* – All Defendants)

30. Honda realleges and incorporates herein the allegations set forth above.

31. Honda, through its websites, computer networks, computer servers, and computer systems, is a provider of electronic communication services under 18 U.S.C. § 2707.

32. Defendants, or their agents, in violation of 18 U.S.C. § 2701(a), intentionally accessed without authorization and/or intentionally exceeded their authorization to access, Honda's websites, computer networks, computer servers, and computer systems, and illegally intercepted and obtained electronic communications and information electronically stored on Honda's websites, computer networks, computer servers, and computer systems.

33. Pursuant to 18 U.S.C. § 2707, Honda is entitled to injunctive relief, damages, and attorneys' fees and costs.

34. Defendants' unlawful access to Honda's websites, computer networks, computer servers, and computer systems has caused Honda irreparable injury. Unless restrained and enjoined, Defendants will continue to commit such acts. Honda's remedies at law are not adequate to compensate Honda for these inflicted and threatened injuries, entitling Honda to remedies including injunctive relief.

## COUNT III

(Violations of Section 349 of New York General Business Law:  Deceptive Acts
and Practices – All Defendants)

35. Honda incorporates by this reference the allegations set forth above.

36. Defendants' actions alleged and described herein constitute unlawful, unfair, deceptive, and fraudulent business practices in violation of Section 349 of New York's General Business Law.

37. The unfair and deceptive trade acts and practices of Defendants have directly, foreseeably, directly and proximately caused damages and injury to Honda well in excess of $75,000.

38. Defendants' violations of Section 349 of New York's General Business Law have damaged Honda and threaten additional injury if the violations continue.

39. Honda has no adequate remedy at law.

40. Honda seeks damages, injunctive relief, including an order enjoining Defendants' Section 349 violations alleged herein, and court costs and attorneys' fees, pursuant to N.Y. Gen. Bus. L. § 349.

## COUNT IV

(Trespass – All Defendants)

41. Honda incorporates by this reference the allegations set forth above.

42. At all relevant times, Honda had both ownership and lawful possession of its websites, computer networks, computer servers, computer systems, and the customer data stored at such websites, networks, servers, and systems.

43. Defendants, or their agents, intruded upon Honda's websites, computer networks, computer servers, and computer systems intentionally and without the permission of Honda.

44. The actions of the Defendants as described above constitute trespass, for which Defendants are liable to Honda.

45. As a direct and proximate result of the intentional and improper acts and conduct of Defendants, Honda has suffered actual and consequential damages in an amount to be established at trial, but well in excess of $75,000.

46. The foregoing conduct of the Defendants is the result of willful and malicious conduct, or conduct that manifests a knowing indifference toward, and a disregard of, the rights of Honda.

47. As a result of such conduct, Honda is entitled to an award of exemplary and punitive damages against Defendants and all costs, expenses, and reasonable attorneys' fees incurred in this action by Honda.

## COUNT V

(Conversion – All Defendants)

48. Honda incorporates by this reference the allegations set forth above.

49. By hacking into and intruding upon Honda's websites, computer networks, computer servers, and computer systems, and stealing the personal data and information of Honda's customers and Honda, Defendants, or their agents, converted to their own use and control property of Honda.

50. As a proximate result, Honda has been damaged in an amount to be determined at trial but well in excess of $75,000.

51. In converting Honda's property, Defendants acted willfully, wantonly, maliciously and recklessly, thereby entitling Honda to an award of punitive damages.

52. Honda is also entitled to a permanent injunction enjoining Defendants from further conversion and theft.

## COUNT VI

(Negligence – WebRelay, Bellamy, and Rainville Graphics Solutions)

53. Honda incorporates by this reference the allegations set forth above.

54. As set forth above, Honda alleges that defendants WebRelay, Mike C. Bellamy, and Rainville Graphics Solutions, or their agents, were involved in the computer attacks against the Honda websites.

55. Alternatively, defendants WebRelay, Mike C. Bellamy, and Rainville Graphics Solutions owed a duty of care to Honda because defendants WebRelay, Mike C. Bellamy, and Rainville Graphics Solutions were vendors of Honda.

56. Defendants WebRelay, Mike C. Bellamy, and Rainville Graphics Solutions breached that duty of care by hiring and/or not supervising defendant Artem Gorshkov thereby allowing him to misappropriate confidential Honda information and data that facilitated the other Defendants' hacking into and intrusions upon Honda's websites, computer networks, computer servers, and computer systems, and stealing the personal data and information of Honda's customers and Honda.

57. As a direct and proximate result, Honda has been damaged in an amount to be determined at trial but well in excess of $75,000.

## COUNT VII

(Breach of Contract – WebRelay, Bellamy, Artem Gorshkov, and Rainville Graphics Solutions)

58. Honda incorporates by this reference the allegations set forth above.

59. On or about February 11, 2009, plaintiff Honda Canada Finance Inc. entered into a Purchase Agreement with defendant Rainville Graphic Solutions. Paragraph 5 of the Purchase Contract Terms provides that defendant Rainville Graphics Solutions "shall indemnify, release, and hold [Honda Canada Finance], its affiliates and their respective officers, directors, employees and agents, past, present, and future, harmless from and against any liability, damages, losses, costs, judgments, fines, penalties or expenses, including legal expenses, arising out of claims, proceedings or suits, whether in law or in equity, in connection with: (a) any acts or omissions of [Rainville Graphics Solutions], its employees or subcontractors."

60. Honda is informed and believes, and on that basis alleges, that defendant Rainville Graphics Solutions has entered into various contracts and agreements with subcontractors such as defendants WebRelay, Mike C. Bellamy, and Artem Gorshkov that, among other things, protect the confidential data and information of Honda and provide indemnifications for the benefit of Honda. Honda is the third-party beneficiaries of these contracts and agreements.

61. Defendants Rainville Graphics Solutions, WebRelay, Mike C. Bellamy, and Artem Gorshkov have breached the contracts and agreements alleged herein.

62. As a direct and proximate result of such breaches, Honda has been damaged in an amount to be determined at trial but well in excess of $75,000.

## CONCLUSION

WHEREFORE, Honda prays for relief as follows:

A. For a preliminary and permanent injunction enjoining and restraining Defendants, their officers, agents, servants, employees, and attorneys, and those in active concert or participation with any of them:

    (1) from accessing any Honda websites, computer networks, computer servers, and computer systems without Honda's authorization;

    (2) from engaging in the acts alleged above;

    (3) from selling, distributing, or using any data, information, or property obtained from any Honda websites, computer networks, computer servers, and computer systems;

    (4) requiring Defendants to delete all data or information obtained by Defendants;

    (5) requiring Defendants to identify to Honda the original source of the customer data they used to masquerade as and impersonate legitimate Honda customers;

  B. That the Court order Defendants to file with the Court and serve on Honda within thirty (30) days after the service on Defendants of such injunction a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction;

  C. That the Court order Defendants to pay Honda punitive damages in a sum to be determined at trial on the basis of their willful and deliberate hacking and unauthorized computer access and conduct;

  D. For restitution and disgorgement of all ill-gotten gains unjustly obtained and retained by Defendants through the acts complained of herein;

  E. For damages to be determined at trial, including but not limited to, all costs, expenses, attorneys' fees and other damages resulting from the Canadian class-action lawsuit described above;

  F. For prejudgment interest;

G. For an accounting;

H. For an order awarding Honda its attorneys' fees and costs; and

I. For an order awarding Honda such other and further relief as the Court deems equitable, proper, and just.

Dated: New York, New York
   March 20, 2012

                                                Respectfully submitted,

/s/ Gregory D. Phillips
Gregory D. Phillips
Phillips Ryther & Winchester
560 East 500 South, Suite 200
Salt Lake City, Utah 84102
(801) 935-4935

                  -and-

Jacob R. Adams
DumkeLaw LLC
275 Madison Ave., Fourth Floor
New York, NY 10016
(801) 990-2776

Attorneys for Plaintiffs Honda Canada
 Inc. and Honda Canada Finance Inc.

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing SECOND AMENDED COMPLAINT was served by the following means on March 20, 2012:

**Via ECF**

Paul D. Sarkozi
Zev Feinstein Raben
Tannenbaum Helpern Syracuse & Hirschtritt LLP
900 Third Avenue,
New York, New York 10022
Sarkozi@thsh.com

*Attorneys for Defendants Artem Gorshkov and Oleksiy Gorshkov*

Nathan D. De Corpo
Law Office of Elliot S. Schlissel
479 Merrick Road
Lynbrook, NY  11563
Email: ndecorpo.law@att.net

*Attorneys for Defendant Vijay Gera*

**Via Email and First Class Mail**

Andrew T. Hahn
Duane Morris LLP
1540 Broadway
New York, NY 10036-4086
Email:  athahn@duanemorris.com

David D. Conklin
Goodmans LLP
Bay Adelaide Centre
333 Bay Street, Suite 3400
Toronto, ON  M5H 2S7
CANADA
dconklin@goodmans.ca

*Attorneys for Defendants WebRelay and Mike C. Bellamy*

Brad Teplitsky LLM
Teplitskys Barristers & Solicitors
70 Bond St., #200
Toronto, Ontario M5B 1X3
E-mail:  brad@teplitskys.ca

*Attorneys for Defendant Amir Mizrahi*

Elena Romm-Tabakov
605 Woodland Court
Rivervale, NJ  07675
fonemaxllc@aol.com

Rainville Graphic Solutions, Inc.
c/o Jim Kinlough
3050 Rotary Way, Unit 17
Burlington, Ontario  L7M 0G8
CANADA
jkinlough@rainvillegraphics.com

                                                /s/ Susette van der Beek